UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISON

| | |
|---|---|
| ERIC DARNELL COOK,<br>　　　　　Plaintiff,<br>　　v.<br>P. KAMALNATH, et. al.,<br>　　　　　Defendants. | Case No. 15-cv-5570-RMI (PR)<br>**ORDER DENYING MOTION FOR RELIEF FROM FINAL JUDGMENT**<br><br>Docket No. 13 |

This is a civil rights case filed pro se by a state prisoner. The court dismissed the complaint with leave to amend on February 19, 2016. (Doc. 8.) Plaintiff failed to file an amended complaint and the court dismissed the case with prejudice on March 30, 2016. (Doc. 9.) More than two years later, plaintiff has filed a motion for reconsideration and to proceed with the case that the court construes as a motion for relief from final judgment pursuant to Fed. R. Civ. P. 60(b). (Doc. 13.)

Rule 60(b) lists six grounds for relief from a judgment. Such a motion must be made within a "reasonable time," and as to grounds for relief (1) - (3), no later than one year after the judgment was entered. *See* Fed. R. Civ. P. 60(b). Rule 60(b) provides for reconsideration where one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; (6) any other reason justifying relief. Fed. R. Civ. P. 60(b); *School Dist. 1J v. ACandS Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Rule 60(b) provides a mechanism for parties to seek relief from a judgment when "it is no longer equitable that the judgment should have

prospective application," or when there is any other reason justifying relief from judgment. *Jeff D. v. Kempthorne*, 365 F.3d 844, 853-54 (9th Cir. 2004) (quoting Fed. R. Civ. P. 60(b)).

Even assuming this motion is timely, plaintiff is not entitled to relief. A year after this case was closed plaintiff requested copies of the last court order on the amended complaint. (Doc. 11.) The court sent plaintiff copies of orders and the docket sheet on March 31, 2017, but the mail was returned as undeliverable. (Doc. 12.) Plaintiff had apparently moved to a new prison but failed to update the court with his new address. Plaintiff now states he was transferred to a lower level prison and had trouble accessing the law library, but fails to explain how this delayed him from filing the instant motion by more than two years. The majority of plaintiff's motion addresses the merits of the underlying claim, which are not relevant for a motion for relief from judgment. Because plaintiff has not shown that he is entitled to relief pursuant to Fed. R. Civ. P. 60(b), this motion (Docket No. 13) is **DENIED**.

**IT IS SO ORDERED.**

Dated: June 15, 2018

_____
ROBERT M. ILLMAN
United States Magistrate Judge